IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.  Case No: 3:09cr102/LAC
  3:11cv15/LAC/EMT

THARON DOUGLAS GODWIN

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and supporting memorandum of law (Docs. 56 & 57) and the Government's response thereto (Doc. 64). After review of the record, the court concludes that Defendant's motion should be dismissed without prejudice.

Defendant filed his motion to vacate pursuant to the prison mailbox rule on December 29, 2010 (Doc. 56 at 18), and on January 13, 2011, this court entered an order requiring the Government to respond on or before March 14, 2011 (*see* Doc. 59). On March 1, 2011, during the pendency of the Government's response, the Eleventh Circuit Court of Appeals reinstated Defendant's appeal of his original conviction (*see* Doc. 63). As noted by the Government in its response, the district court lacks jurisdiction to consider and rule on a § 2255 motion during the pendency of the direct appeal. United States v. Dunham, 240 F.3d 1328, 1329-30 (11th Cir. 2001); *see also* United States v. Khoury, 901 F.2d 975, 976 n.20 (11th Cir. 1990), *modified*, United States v. Khoury, 910 F.2d 713 (11th Cir. 1990); Welsh v. United States, 404 F.2d 333 (5th Cir. 1968) ("[a] motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot."). Therefore, because the resolution of the Defendant's appeal could render the instant motion moot, it is premature, and should be denied without prejudice.

Accordingly, it is respectfully **RECOMMENDED**:

The Defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 56) be **DENIED without prejudice** due to the reinstatement of Defendant's direct appeal.

At Pensacola, Florida, this 18th day of March 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**