IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.   Case Nos.:   3:09cr102/LAC/EMT
3:12cv235/LAC/EMT

THARON DOUGLAS GODWIN

---

# REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 and Supporting Memorandum of Law (docs. 72, 73). The Government filed a response (doc. 76) and Defendant filed a reply (doc. 78). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied. *See* Rules Governing Section 2255 Cases 8(a) and (b).

## PROCEDURAL BACKGROUND[1]

On October 21, 2009, Defendant was charged in a two-count indictment with possession with intent to distribute more than one hundred marijuana plants ("Count One") and possession of firearms by a convicted felon ("Count Two") (doc. 1). On November 17, 2009, the Government filed a notice indicating its intent to seek enhanced penalties because of Defendant's prior felony drug convictions arising out of this court (*see* doc. 16). Represented by retained counsel Eric Stevenson, Defendant entered a plea of guilty pursuant to a written plea agreement on December 4, 2009 (docs. 22, 23, 61).

---

[1] Detailed statements of facts describing the offense conduct are set forth in the Presentence Investigation Report (doc. 33) and are incorporated by reference herein.

Defendant, who was 67 years old at the time of the proceedings, admitted the truth of the facts alleged by the Government and acknowledged his understanding that he faced an enhanced sentence of ten years to life imprisonment on Count One, and up to ten years imprisonment on Count Two (doc. 61 at 10–11). Defendant also admitted that he was the same individual who had previously been convicted in this court of marijuana offenses in October of 1991 (*id.* at 11). When asked if anyone had made any promises to him other than what was in his written plea agreement, Defendant responded, "Just what's in the document, Your Honor" (*id.* at 13–14). The court reminded Defendant that although he had the opportunity to cooperate with the Government, there was no guarantee that any efforts at cooperation would result in a substantial assistance motion or a reduction in his sentence (*id.* at 16).

The Presentence Investigation Report ("PSR") was disclosed to the defense on January 20, 2010 (docs. 25, 33 ). Defendant had a total offense level of 22 and a criminal history category of II (doc. 33, PSR ¶¶ 26–47, 50–51). The corresponding guidelines range was 46–57 months. However, due to the application of the statutory mandatory minimum on Count One because of Defendant's prior felony drug conviction(s), the guidelines range became 120 months pursuant to § 5G1.1(b) (*id.* PSR ¶¶ 80–82).

The court sentenced Defendant to concurrent terms of 120 months on Count One and 57 months on Count Two (doc. 62 at 11; doc. 31). Defendant filed a pro se notice of appeal twenty days after judgment was entered (doc. 34). The court granted attorney Stevenson's May 3, 2010 motion to withdraw, in light of Defendant's professed desire to proceed pro se on appeal (docs. 39, 43, 44). The Eleventh Circuit Court of Appeals dismissed Defendant's appeal in May of 2010 for want of prosecution (doc. 49). Defendant filed a motion pursuant to 28 U.S.C. § 2255, which this court dismissed after Defendant's appeal was reinstated (docs. 56, 63, 65, 67). In May of 2011, the Eleventh Circuit again dismissed Defendant's appeal for want of prosecution (doc. 71). Defendant filed the instant § 2255 motion in May of 2012. In the present motion, Defendant separates his claims into three grounds for relief, but in each he alleges that counsel was constitutionally ineffective for his failure to raise various objections to the statutory mandatory minimum sentence. The Government opposes the motion in its entirety.

## LEGAL ANALYSIS

<u>General Standard of Review</u>

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); McKay v. United States, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. Rozier v. United States, 701 F.3d 681, 684 (11th Cir. 2012); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. Nyhuis, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. Sanders v. United States, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. Lynn, 365 F.3d at 1234–35; Bousley v. United States, 523 U.S. 614, 621 (1998); McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." Lynn, 365 F.3d at 1232 n.14 (quoting Mills, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual

prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." Lynn, 365 F.3d at 1234; Bousley, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." Lynn, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause.  See Nyhuis, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. Massaro v. United States, 538 U.S. 500, 503 (2003); *see also* United States v. Franklin, 694 F.3d 1, 8 (11th Cir. 2012). In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. Strickland v. Washington, 466 U.S. 668, 686 (1984); Williams v. Taylor, 529 U.S. 362, 390 (2000); Darden v. United States, 708 F.3d 1225, 1228 (11th Cir. 2013). In applying Strickland, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. Strickland, 466 U.S. at 697; Brown v. United States, 720 F.3d 1316, 1326 (11th Cir. 2013).

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688; *see also* Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to review counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." Hammond v. Hall, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting Strickland, 466 U.S. at 689); *see also* Chandler v. United States, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. Strickland, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have

taken the action that his counsel did take." Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); Chandler, 218 F.3d at 1315.

With regard to the prejudice requirement, a defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694. In the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. Glover v. United States, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." Chandler, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. Dingle, 480 F.3d at 1099; Williamson v. Moore, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" Dingle, 480 F.3d at 1099 (quoting Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983)).

Counsel is not ineffective for failing to preserve or argue a meritless claim. Freeman v. Attorney General, Florida, 536 F.3d 1225, 1233 (11th Cir. 2008); *see also* Sneed v. Florida Dep't of Corrections, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve meritless Batson claim not ineffective assistance of counsel); Lattimore v. United States, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); Brownlee v. Haley, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel not ineffective for failing to raise issues clearly lacking in merit); Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001) (counsel not ineffective for failing to object to "innocuous" statements by prosecutor, or accurate statements by prosecutor about effect of potential sentence); Meeks v. Moore, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); Jackson v. Herring, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he

reasonably believes to be of questionable merit); <u>United States v. Winfield</u>, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue); <u>Lancaster</u>, 880 F.2d at 375 (counsel was not ineffective for informed tactical decision not to make what he believed was a meritless motion challenging juror selection procedures where such a motion has never been sustained because such a motion would not have been successful).

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. *See* <u>Chandler v. McDonough</u>, 471 F.3d 1360, 1363 (11th Cir. 2006) (citing <u>Drew v. Dep't of Corr.</u>, 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); <u>Hill v. Moore,</u> 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief.")); <u>Ferguson v. United States</u>, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. <u>Peoples v. Campbell</u>, 377 F.3d 1208, 1237 (11th Cir. 2004); <u>Tejada</u>, 941 F.2d at 1559; <u>Holmes v. United States</u>, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. <u>Lynn</u>, 365 F.3d at 1239.

<u>Defendant's Claims for Relief</u>

Defendant's three claims for relief all address objections that he believes counsel should have made to his sentence. First, he asserts that counsel should have objected to errors that made his sentence both procedurally and substantively unreasonable. Specifically, he notes that the court did not address the 3553(a) factors and that counsel did not object that the sentence was "greater than necessary" to serve the statutory purposes of sentencing. Second, Defendant claims that counsel was constitutionally ineffective when he failed to argue that the ten-year sentence was cruel and unusual under the Eighth Amendment due to Defendant's advanced age. Third, Defendant asserts that counsel failed to object or argue that his sentence was contrary to law and not based on any empirical evidence or data.

It appears from Defendant's arguments and case citations that he fails to comprehend the difference between statutory mandatory minimum sentences and those calculated pursuant to the guidelines, as well as the degree to which the Congressionally-imposed sentencing directives limit the discretion of the district court.  Title 18 U.S.C. § 3553(a) identifies the factors a sentencing court must consider in fashioning an appropriate sentence.  In imposing sentence, the district court should acknowledge on the record that it has considered the defendant's arguments and the § 3553(a) factors, although it need not explicitly state that it has considered each factor or discuss each factor.  *See* United States v. Bohannon, 476 F.3d 1246, 1248 (11th Cir. 2007); United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).  Although the § 3553(a) factors guide the court in making its sentencing decisions, primarily with respect to guidelines sentences, this statute does not confer upon the sentencing court the authority to sentence a defendant below the statutory mandatory minimum based upon the court's consideration of these factors.  United States v. Castaing-Sosa, 530 F.3d 1358 (11th Cir. 2008).  This remains true after the Supreme Court's decision in United Stats v. Booker, 543 U.S. 220 (2005).  The only exceptions to the mandatory nature of the statutory minimum sentence arise when a defendant has cooperated with law enforcement or when she or he is eligible for the application of the "safety valve" (*see* 18 U.S.C. § 3553(e), (f)), neither of which is an applicable exception in this case.  Therefore, absent any legal authority for the court to depart below the statutory minimum sentence it imposed in this case, counsel's failure to object to the manner in which the district court imposed sentence was not constitutionally ineffective, because no prejudice to Defendant inured as a result.

Similarly, counsel was not constitutionally ineffective for his failure to object or argue that imposition of the statutory mandatory minimum violated the Eighth Amendment's prohibition on cruel and unusual punishment.  Such an objection would have been futile.  Numerous courts have held that the application of the statutory mandatory minimum is not cruel and unusual punishment.  United States v. Chaney, 392 F. App'x 790, 796–97 (11th Cir. 2010) (citing United States v. Reynolds, 215 F.3d 1210, 1214 (11th Cir. 2000); United States v. Lyons, 403 F.3d 1248, 1257 (11th Cir. 2005)); United States v. Johnson, 451 F.3d 1239, 1243 (11th Cir. 2006) (generally, "a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment") (quoting United States v. Moriarty, 429 F.3d 1012, 1025 (11th Cir. 2005)); *see also* United States v. Polk, 546 F.3d 74 (1st Cir. 2008); United States v. MacEwan, 445 F.3d 237 (3d Cir. 2006); United States v.

Gomez, 472 F.3d 671 (9th Cir. 2006).  Part of the basis for increased sentences is to address recidivism, which was the very reason for Defendant's increased sentence in this case.  *See* Chaney, 392 F. App'x at 796.  As noted above, Defendant was previously convicted in this same court of marijuana-related offenses, but despite having served over ten years in prison for those offenses, returned to the cultivation of marijuana upon his release (*see* doc. 33, PSR, ¶ 50).  Furthermore, the Eleventh Circuit has upheld even lengthier sentences for individuals of similar ages.  *See* United States v. Dowd, 451 F.3d 1244, 1256–57 (11th Cir. 2007) (affirming 221-month Guidelines sentence followed by a statutory mandatory 84-month consecutive sentence, for a 65 year old defendant who was a repeat offender); United States v. Martinelli, 265 F. App'x 784, 788 (11th Cir. 2008) (affirming a mid-Guidelines range sentence of 210 months for a 67 year old defendant convicted of money laundering); United States v. Casanova, 203 F. App'x 963, 964 (11th Cir. 2006) (upholding 324-month sentence, which was at the low end of the Guidelines, for a 66 year old defendant).  Defendant was not prejudiced by counsel's failure to make a meritless objection.

        Defendant's last claim, that counsel was constitutionally ineffective for his failure to object to his sentence as not based on any empirical evidence or data, also fails.  The district court had no discretion to depart from the statutory mandatory minimum sentence in this case, and counsel was not ineffective for his failure to make a meritless objection.

        Conclusion

        For all of the foregoing reasons, the court finds that Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit.  Nor has he shown that an evidentiary hearing is warranted.  Therefore Defendant's motion should be denied in its entirety.

**Certificate of Appealability**

        Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), § 2255 Rules.

        After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how

to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (doc. 72) be **DENIED**.
2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 10th day of November 2014.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**

Case Nos.: 3:09cr102/LAC/EMT; 3:12cv235/LAC/EMT